NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000842
29-SEP-2017
11:57 AM

NO. CAAP-16-0000842

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellant, v.
MARGARET L. ALCOS, Defendant-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 16-1-1411)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)

Plaintiff-Appellant State of Hawaiʻi (State) charged Defendant-Appellee Margaret L. Alcos (Alcos) by felony information with unauthorized possession of confidential personal information (UPCPI), in violation of Hawaii Revised Statutes (HRS) § 708-839.55 (2014).[1]  The felony information alleged that

---

[1] HRS § 708-839.55 provides, in relevant part:

  (1) A person commits the offense of unauthorized possession of confidential personal information if that person intentionally or knowingly possesses, without authorization, any confidential personal information of another in any form, including but not limited to mail, physical documents, identification cards, or information stored in digital form.

HRS § 708-800 (2014) defines the term "confidential personal information" as follows:

  "Confidential personal information" means information in which an individual has a significant privacy interest, including but not limited to a driver's license number, a social security number, an identifying number of a depository account, a bank account number, a password or other information that is used for accessing information, or any other name, number, or code that is used, alone or in conjunction with other information, to confirm the identity of a person.

Alcos did intentionally or knowingly, without authorization, possess the confidential personal information of JD.

Alcos moved to dismiss the felony information on the grounds that: (1) HRS § 708-839.55 and the HRS § 708-800 definition of "confidential personal information" incorporated into HRS § 708-839.55 (collectively, the UPCPI statutes) are unconstitutionally overbroad and vague; (2) the UPCPI statutes impose excessive punishment of up to five years of imprisonment; and (3) the UPCPI charge was defective for failing to define the term "confidential personal information." On November 3, 2016, the Circuit Court of the First Circuit (Circuit Court)[2] issued an order which dismissed the felony information with prejudice (Order Dismissing Felony Information). The Circuit Court ruled: "In granting [Alcos's] Motion, the Court hereby finds that HRS § 708-8839.55 [sic] is unconstitutionally overbroad and unconstitutionally vague; as well as a violation of due process. THEREFORE, the Motion is hereby granted with respect to those arguments and the charge is dismissed with prejudice."

On appeal, the State argues that based on the Hawaiʻi Supreme Court's recent decision in State v. Pacquing, 139 Hawaiʻi 302, 389 P.3d 897 (2016), the Circuit Court erred in dismissing the felony information with prejudice.[3] We agree. We vacate the Order Dismissing Felony Information and remand the case for further proceedings.

I.

The record includes the following information. On August 17, 2016, JD discovered that the rear window of her parked car had been shattered and that her purse, which contained her wallet and Hawaiʻi driver's license, had been taken. On September 2, 2016, Alcos was driving a car that a police officer stopped for speeding. In response to the officer's request for her driver's license, the vehicle's registration, and proof of

---

[2] The Honorable Glenn J. Kim presided.

[3] The supreme court's decision in Pacquing was issued a month after the Circuit Court filed its Order Dismissing Felony Information.

insurance, Alcos gave the officer JD's driver's license and said she did not have documents for the vehicle. Upon further inquiry by the officer, Alcos provided responses that did not match the information on the driver's license. JD was later contacted by the police and stated that she does not know Alcos and that Alcos did not have permission to be in possession of JD's driver's license.

## II.

The State argues that based on Pacquing, the Circuit Court erred in concluding that the UPCPI statutes are unconstitutionally overbroad and unconstitutionally vague. We agree.

## A.

In Pacquing the supreme court held that "the UPCPI statues are not facially and unconstitutionally overbroad." Pacquing, 139 Hawai'i at 313, 389 P.3d 897 at 908. We therefore reject the Circuit Court's conclusion that the UPCPI statutes are unconstitutionally overbroad.

## B.

The supreme court concluded that the UPCPI statutes were unconstitutionally vague as applied to certain aspects of Pacquing's conduct, but were not unconstitutionally vague as applied to other aspects of Pacquing's conduct. Id. at 317-18, 389 P.3d at 912-13. As relevant to this case, the supreme court concluded that the UPCPI statues were not vague as applied to the unauthorized possession of a driver's license number because a driver's license number was among the specific examples of "confidential personal information" set forth in the term's statutory definition. Id.

The supreme court further concluded that the portions of the UPCPI statues that were unconstitutionally vague could be excised in a manner that would render the remaining portions constitutional. Id. at 318-20, 389 P.3d at 913-15. To eliminate the unconstitutional aspects of the UPCPI statute, the supreme

3

court excised the HRS § 708-800 definition of "confidential personal information" as follows:

> "Confidential personal information" means information in which an individual has a significant privacy interest, including but not limited to a driver's license number, a social security number, an identifying number of a depository account, [or] a bank account number, a password or other information that is used for accessing information, or any other name, number, or code that is used, alone or in conjunction with other information, to confirm the identity of a person.

Id. at 319, 389 P.3d at 914.

The supreme court concluded that "[a]fter the deletion of the unconstitutional portions of HRS § 708-800's definition of 'confidential personal information,' its meaning would be circumscribed to the enumerated classes of information preceded by 'including' and information similar to those already enumerated." Id. The supreme court explained that "[t]his means that a non-enumerated item of 'information in which an individual has a significant privacy interest' would qualify as 'confidential personal information' only if that non-enumerated item is similar in nature and character to those already enumerated in HRS § 708-800." Id. at 319-20, 389 P.3d at 914-15. The supreme court held that after the unconstitutional portions of the definition of "confidential personal information" were excised, the remaining portions of the UPCPI statutes were constitutional and could be enforced. Id. at 319-20, 389 P.3d at 914-15.

Based on the supreme court's analysis in Pacquing, we conclude that the Circuit Court erred in dismissing the UPCPI charge against Alcos on the ground that the UPCPI statutes were unconstitutionally vague. The UPCPI statutes are not unconstitutionally vague as applied to Alcos's purported conduct of unauthorized possession of JD's driver's license number.

III.

In her motion to dismiss, Alcos raised the claim that the UPCPI statutes, "which impose[] the penalty of up to five years imprisonment based on the mere possession of information

4

absent any malicious intent to misuse that information[,] [are] invalid under the Due Process Clauses" of the United States and Hawai'i Constitutions. However, Alcos did not present any argument or authority to support her excessive punishment claim before the Circuit Court, and it is not clear whether the Circuit Court relied on this ground in dismissing the UPCPI charge.

In any event, we conclude that this claim, which appears to assert that the UPCPI statutes are unconstitutional for imposing cruel and unusual punishment, is without merit. The Hawai'i Supreme Court has stated that "[t]he question of what constitutes an adequate penalty necessary for the prevention of crime is addressed to the sound judgment of the legislature and the courts will not interfere with its exercise, unless the punishment prescribed appears clearly and manifestly to be cruel and unusual." State v. Freitas, 61 Haw. 262, 267, 602 P.2d 914, 919 (1979), overruled on other grounds by State v. Auld, 136 Hawai'i 244, 361 P.3d 471 (2015).

> "(P)rominence is given to the power of the legislature to define crimes and their punishment. We concede the power in most of its exercises. We disclaim the right to assert a judgment against that of the legislature, of the expediency of the laws, or the right to oppose the judicial power to the legislative power to define crimes and fix their punishment, unless that power encounters in its exercise a constitutional prohibition. . . . The function of the legislature is primary, its exercise fortified by presumptions of right and legality, and is not to be interfered with lightly, nor by any judicial conception of its wisdom or propriety. . . ."

Id. at 267, 602 P.2d at 919-20 (parentheses and ellipsis points in original) (quoting Weems v. United States, 217 U.S. 349, 378-79 (1910)).

The standard under both the United States and Hawai'i Constitutions for determining whether the punishment prescribed by a statute is cruel and unusual is "whether, in the light of developing concepts of decency and fairness, the prescribed punishment is so disproportionate to the conduct proscribed and is of such duration as to shock the conscience of reasonable

5

persons or to outrage the moral sense of the community."  Id. at 267-68, 602 P.2d at 920.[4/]

The Hawai'i Legislature's clear purpose in enacting the UPCPI statutes was "to address and deter identity theft by targeting and criminalizing conduct that precedes identity theft -- the possession of confidential personal information." Pacquing, 139 Hawai'i at 320, 389 P.3d at 915.  The Legislature enacted the UPCPI statutes

> to increase the protection of personal information by making it a class C felony to intentionally or knowingly possess the confidential information of another without authorization.  Hawaii law enforcement has found it difficult to curb the rise in identity theft-related crimes when identity thieves in possession of personal information who have not yet caused a monetary loss to the victim cannot be prosecuted for crimes other than petty misdemeanor thefts.  The legislature found that adding a law to make intentionally or knowingly possessing the confidential information of another without authorization a class C felony would help to deter identity theft crimes.

Commentary on HRS § 708-839.55.

"Identity theft is a very serious and growing crime. The Bureau of Justice Statistics at the Department of Justice has shown that between 2005 and 2010, the percentage of U.S. households with at least one member who experienced identity theft increased from 5.5% to 7.0%."  United States v. Dooley, No. 11-CR-20010, 2013 WL 105198, at *3 (C.D. Ill. Jan. 8, 2013).  In addition to monetary loss, identity theft can create significant and long-lasting problems for its victims.

Here, Alcos has yet to be convicted or sentenced, and thus it is unknown what actual punishment she will receive if she

---

[4/] In determining whether the punishment prescribed by a statute is cruel and unusual, courts have considered:

> (1) the nature of the offense and/or the offender, with particular regard to the degree of danger posed by both to society; (2) the extent of the challenged penalty as compared to the punishments prescribed for more serious crimes within the same jurisdiction; and (3) the extent of the challenged penalty as compared to the punishment prescribed for the same offense in other jurisdictions.

Freitas, 61 Haw. at 268, 602 P.2d at 920.  "[T]he nature of the offense and the danger the offender poses to society are the key factors in this determination."  Id.

is convicted of UPCPI.  Given the purpose of the UPCPI statutes to address and deter the serious and growing crime of identity theft, we conclude that the punishment prescribed by the UPCPI statutes -- up to five years of imprisonment -- is not manifestly cruel and unusual or excessive.  The prescribed punishment does not "shock the conscience of reasonable persons" or "outrage the moral sense of the community."

IV.

In _Pacquing_, the supreme court held that the UPCPI charge was insufficient for failing to include the statutory definition of the term "confidential personal information." _Pacquing_, 139 Hawaiʻi at 308-09, 389 P.3d at 903-04.  The UPCPI charge in this case is virtually identical to the charge in _Pacquing_.  We therefore conclude that the UPCPI charge against Pacquing was insufficient.[5]

The State does not dispute that its UPCPI charge against Alcos was deficient, but argues that it should be given the opportunity on remand to seek to amend the felony information pursuant to Hawaiʻi Rules of Penal Procedure (HRPP) Rule 7(f) (2012).[6]  We agree.

In _State v. Kam_, 134 Hawaiʻi 280, 286, 339 P.3d 1081, 1087 (App. 2014), this court held that HRPP Rule 7(f)(1) grants the trial court the discretion to permit the State to amend a legally insufficient charge before trial if substantial rights of

---

[5] The Circuit Court's Order Dismissing Felony Information was based on its finding that the UPCPI statues were unconstitutional, and not on Alcos's claim that the UPCPI charge was deficient for failing to define the term "confidential personal information."  The Circuit Court's dismissal _with prejudice_ was not an appropriate remedy for a deficient UPCPI charge.  In _Pacquing_, the trial court granted Pacquing's motion to dismiss the UPCPI charge as defective, concluding that the failure of the charge to define the term "confidential personal information" deprived Pacquing of fair notice of the accusation against him.  _Pacquing_, 139 Hawaiʻi at 306-07, 389 P.3d at 901-02.  The supreme court agreed with this conclusion and dismissed the UPCPI charge without prejudice.  _Id._ at 308-09, 389 P.3d at 903-04.

[6] HRPP Rule 7(f) provides in relevant part:

(1) The court may permit a charge other than an indictment to be amended at any time before trial commences if substantial rights of the defendant are not prejudiced.

7

the defendant are not prejudiced. The Hawai'i Supreme Court affirmed our decision in Kam. State v. Kam, SCWC-12-0000897, 2016 WL 770253 (Hawai'i Feb. 25, 2106) (SDO). In affirming our decision, the supreme court cited its decision in Schwartz v. State, 136 Hawai'i 258, 282, 361 P.3d 1161, 1185 (2015), which held that "the failure of a charging instrument to allege an element of an offense does not constitute a jurisdictional defect that fails to confer subject-matter jurisdiction to the [trial] court." Based on Kam and Schwartz, we conclude that the State should be given the opportunity on remand to move to amend the UPCPI charge pursuant to HRPP Rule 7(f)(1).

V.

Based on the foregoing, we vacate the Order Dismissing Felony Information and remand the case for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawai'i, September 29, 2017.

On the briefs:

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant.

James S. Tabe
Deputy Public Defender
for Defendant-Appellee.

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge